People v Ahmed (2021 NY Slip Op 50029(U))

[*1]

People v Ahmed (Abdul)

2021 NY Slip Op 50029(U) [70 Misc 3d 135(A)]

Decided on January 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1423 Q CR

The People of the State of New York,
Respondent, 
against
Abdul J. Ahmed, Appellant. 

Alan Ross, for appellant.
Queens County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Jerry Iannece, J.), rendered April 27, 2018. The judgment, insofar as appealed from as limited by
the brief, convicted defendant, after a nonjury trial, of unlawful solicitation of ground
transportation services at an airport, and imposed sentence.

ORDERED that the judgment of conviction, insofar as appealed from, is affirmed.
Insofar as is relevant to this appeal, defendant was charged with unlawful solicitation of
ground transportation services at an airport (Vehicle and Traffic Law § 1220-b) and, after a
nonjury trial, he was found guilty of the charge. 
Vehicle and Traffic Law § 1220-b (1) provides:
"No person shall unlawfully solicit ground transportation services at an airport. A
person unlawfully solicits ground transportation services at an airport, when, at an airport, such
person, without being authorized to do so by the airport operator, or without having made a prior
agreement to provide ground transportation services to a specific patron, engages or offers to
engage in any business, trade or commercial transaction involving the rendering to another
person of any ground transportation services from such airport."
On
appeal, defendant contends that it was the People's burden to present legally sufficient evidence
to prove that he or his employer was not authorized to solicit ground transportation services at
LaGuardia Airport on the date of the alleged offense, and that the People failed to do so. 
At the trial, a Port Authority police officer testified that, on February 17, 2017, in front of the
arrival area of Terminal B at LaGuardia Airport, he had observed defendant offer a family of four
a ride to Manhattan in exchange for $75. He further testified that, when processing defendant's
arrest, he had found a written trespass warning in defendant's file. A second Port Authority police
officer testified that, on July 28, 2016, he had issued a trespass warning to [*2]defendant and had orally informed defendant that if he got caught
soliciting at the airport again, he would be charged with criminal trespass in the third degree. The
written trespass warning was admitted into evidence. We find that this evidence, viewed in the
light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was
legally sufficient to establish that defendant had unlawfully solicited ground transportation
services in violation of Vehicle and Traffic Law § 1220-b (see People v Rosario, 62 Misc 3d
147[A], 2019 NY Slip Op 50219[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]). In view of the foregoing, we need not decide whether it was the People's burden to prove
that defendant was not authorized to solicit ground transportation services since, in any event, his
lack of authorization was proven by virtue of the trespass warning, which clearly negated the
possibility that defendant had been authorized to do so (see id.).
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 15, 2021